# EXHIBIT 7

# CORPORATE CREATIONS

Registered Agent · Director · Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

February 28, 2013

CSX Transportation, Inc.
Jennifer A. Wiggins Litigation Paralegal
CSX Corporation
500 Water Street, C160
JACKSONVILLE FL 32202

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.

**Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.**

Item: 2013-164

| | | |
|---|---|---|
| 1. | **Client Entity:** | CSX Transportation, Inc. |
| 2. | **Title of Action:** | Leonard Anthony Carrillo vs CSX Transportation, Inc.; et al |
| 3. | **Document(s) Served:** | Summons<br>Complaint at Law<br>Affidavit Regarding Damages Sought<br>Jury Demand |
| 4. | **Court/Agency:** | St. Clair County 20th Judicial Circuit Court |
| 5. | **State Served:** | Illinois |
| 6. | **Case Number:** | 13-L-91 |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Wednesday 2/27/2013 |
| 10. | **Date to Client:** | Thursday 2/28/2013 |
| 11. | **# Days When Answer Due:** 30<br>**Answer Due Date:** 03/29/13 | **CAUTION:** Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. |
| 12. | **SOP Sender:**<br>(Name, City and Phone Number) | Clifford Law Offices, P.C.<br>Chicago, IL<br>(312) 899-9090 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Notes:** | None. |

This notice is provided for general information purposes only and should not be considered a legal opinion. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410    Tel: (561) 694-8107    Fax: (561) 694-1639
www.CorporateCreations.com

State of Illinois )
County of St. Clair ) S.S.

Case Number ___13-L- 9___

Amount Claimed ___in excess of___

LEONARD ANTHONY CARRILLO

CSX Transportation, Inc., Th___
for Toxicology and Environme___
Health, LLC, Paducah & Louis___
Railway, Inc., P & L Transp___
VS   Inc.; and Four Rivers Tra___
Inc.

Plaintiff(s)

Defendant(s)

Classification Prefix ___L___ Code ___02___ Nature of Action ___LAW___ Code ___1___

## TO THE SHERIFF: SERVE THIS DEFENDANT AT:

Pltf. Atty. ___Brad L. Badgley___ Code 00090131 NAME ___CSX Transportation, Inc.___
Address ___26 Public Square___          Risk Management/Corporate
City ___Belleville, IL 62220___ Phone ___618-235-1000___ Creations
Add. Pltf. Atty. ___Clifford Law Offices, P.C.___ ADDRESS ___1443 W. Belmont Ave. #C___

X                    **SUMMONS**
To the above named defendant(s). . . . . . :
X                                          CITY & STATE   Chicago, IL   60657

[ ] A. You are hereby summoned and required to appear before this court at

(court location)_____ at _____ M. On _____, 19___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by
default may be taken against you for the relief asked in the complaint.

[X] B. You are hereby summoned and required to file an answer in this case or otherwise file your appear-
ance, in the office of the Clerk of this court, within 30 days after service of this summons, exclusive of the day
of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in
the complaint.

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If
service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, ___2-20___ ___20___ ___13___

_____
Clerk of Court

**SEAL**

BY DEPUTY:_____

DATE OF SERVICE:_____, 19___
(To be inserted by officer on copy left with defendant
or other person)

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS, LAW DIVISION

LEONARD ANTHONY CARRILLO,                    )
                                             )
            Plaintiff,                       )
                                             )
      vs.                                    )
                                             )        No.   13-L- 91
CSX TRANSPORTATION, INC.,                    )
THE CENTER FOR TOXICOLOGY AND                )
ENVIRONMENTAL HEALTH, L.L.C.,                )
PADUCAH & LOUISVILLE RAILWAY,                )
INC., P & L TRANSPORTATION, INC., and        )
FOUR RIVERS TRANSPORTATION, INC.,            )        *Plaintiff demands a trial by*
                                             )
            Defendants.                      )

FILED
ST. CLAIR COUNTY
FEB 2 0 2013
52
*0097416 1*

## COMPLAINT AT LAW

### COUNT I

### CSX TRANSPORTATION, INC. - NEGLIGENCE

Plaintiff LEONARD ANTHONY CARRILLO, by and through his attorneys, CLIFFORD
LAW OFFICES, P.C., and BRAD L. BADGLEY, P.C., complaining of Defendant CSX
TRANSPORTATION, INC. (hereinafter "CSX"), states as follows:

1.      On and before October 31, 2012, Defendant CSX, by itself and/or through its
affiliates and/or wholly-owned subsidiaries, did business in Illinois, including but not limited to St.
Clair County.

2.      On and before October 31, 2012, Defendant CSX, by itself and/or through its
affiliates and/or wholly-owned subsidiaries, did business in St. Clair County, Illinois.

3.      At all times relevant hereto, Plaintiff LEONARD ANTHONY CARRILLO was
a citizen of Illinois and a resident of St. Clair County, Illinois.

4.      At all times relevant hereto, Plaintiff LEONARD ANTHONY CARRILLO, worked for RJ Corman Railroad Group at its office located at 8136 Bunkum Road, City of Caseyville, County of St. Clair, State of Illinois.

5.      On October 29, 2012, one or more of the above-captioned defendants, through its employees and/or agents, operated a train consisting of 57 cars from Paducah, Kentucky toward Louisville, Kentucky.  At approximately 6:27 a.m., some of the train cars derailed near Dixie Highway and Highway 44.  Some of the derailed cars contained hazardous chemicals including but not limited to butadiene.

6.      On or about October 29, 2012, Defendant CSX, by and through its agents and/or employees, including two Managers of Hazardous Materials Systems, was in control of the scene of the derailment.

7.      On or about October 29, 2012, Defendant CSX, Defendant FOUR RIVERS TRANSPORTATION, INC. (hereinafter "FOUR RIVERS"), Defendant PADUCAH & LOUISVILLE RAILWAY, INC (hereinafter "P & L RAILWAY"),  and/or Defendant P & L TRANSPORTATION, INC (hereinafter "P & L TRANSPORTATION") contracted with Defendant THE CENTER FOR TOXICOLOGY AND ENVIRONMENTAL HEALTH, L.L.C. (hereinafter "CTEH") to assist in the derailment clean-up efforts including but not limited to monitoring the area and atmosphere in and around the derailment for the presence of toxic gases and chemicals.

8.      On, before, and after October 29, 2012, Defendant CTEH did and does business in the State of Illinois.

9.      On or about October 29, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY,  and/or Defendant P & L TRANSPORTATION contracted with RJ

2

Corman Railroad Group to assist with the derailment clean up.

10.     On and before October 31, 2012, Defendant CSX, by and through its employees and/or actual/apparent agents, owed a duty to Plaintiff LEONARD ANTHONY CARRILLO to exercise due care and to provide him a safe place to work.

11.     On and before October 31, 2012, Defendant CSX, by and through its employees and/or actual/apparent agents, owed a duty to Plaintiff LEONARD ANTHONY CARRILLO to hire competent contractors to assist in the derailment clean up.

12.     On October 31, 2012, Defendant CTEH, through its employees and/or agents declared that the RJ Corman Railroad Group crew, including Plaintiff LEONARD ANTHONY CARRILLO, could safely begin activities at the derailment including hot work.

13.     On October 31, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY, Defendant CTEH, and/or Defendant P & L TRANSPORTATION, through their employees and/or agents, instructed the RJ Corman Railroad Group crew to detach the two cars that were leaking butadiene by using an acetylene cutting torch.

14.     On October 31, 2012, an explosion occurred  when the acetylene torch was lit, severely injuring Plaintiff LEONARD ANTHONY CARRILLO.

15.     On October 31, 2012, Defendant CSX, through its employee and/or agents, was negligent in one or more of the following ways:

   a. Authorized the use of the acetylene cutting torch in violation of 29 C.F.R. § 1910.252(a)(2)(iv) and NFPA 51B;

   b. Instructed the RJ Corman Railroad Group crew to use the acetylene cutting torch in violation of 29 C.F.R. § 1910.252(a)(2)(vi) and NFPA 51B;

   c. Instructed the RJ Corman Railroad Group crew to use the acetylene cutting

torch in an area that was not fire safe;

d.  Failed to adequately monitor the atmosphere for toxic and hazardous gases and/or chemicals when it knew or should have known that the presence of such gases and/or chemicals posed a risk of serious injury to Plaintiff LEONARD ANTHONY CARRILLO;

e.  Failed to designate a competent person to determine that it was safe for the RJ Corman Railroad Group crew to use the acetylene cutting torch;

f.  Failed to designate a competent person to determine that it was appropriate and/or necessary for the RJ Corman Railroad Group crew to use the acetylene cutting torch;

g.  Failed to designate a competent person to determine that the work area was gas-free;

h.  Failed to designate a competent permit authorizing individual to approve hot work operations;

I.  Failed to designate a competent person to make an adequate risk assessment of performing hot work at the scene of a flammable substance leak;

j.  Failed to designate a competent person as fire watch to stop hot work operations if unsafe conditions developed;

k.  Failed to ensure the scene was fire safe before authorizing hot work;

l.  Directed hot work to be performed in the presence of explosive atmospheres;

m.  Failed to take necessary precautions to prevent injury to Plaintiff LEONARD ANTHONY CARRILLO;

n.  Failed to warn Plaintiff LEONARD ANTHONY CARRILLO of the presence of toxic gases and/or chemicals in the area in which it knew he was performing work including hot work;

o.  Improperly hired Defendant CTEH when it knew or should have known that CTEH was not fit to perform the responsibilities for which it was hired in connection with the derailment clean up; and

p.  Was otherwise careless and negligent.

4

16.     As a direct and proximate result of the aforesaid acts and/or omissions of Defendant CSX, Plaintiff LEONARD ANTHONY CARRILLO sustained injuries of a permanent, personal, and pecuniary nature.

WHEREFORE Plaintiff LEONARD ANTHONY CARRILLO requests that this Court enter judgment against Defendant, CSX TRANSPORTATION, INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT II

## THE CENTER FOR TOXICOLOGY AND ENVIRONMENTAL HEALTH, L.L.C. - NEGLIGENCE

Plaintiff LEONARD ANTHONY CARRILLO, by and through his attorneys, CLIFFORD LAW OFFICES, P.C. and BRAD L. BADGLEY, P.C., complaining of Defendant THE CENTER FOR TOXICOLOGY AND ENVIRONMENTAL HEALTH, L.L.C. (hereinafter "CTEH"), states as follows:

1.     On and before October 31, 2012, Defendant CTEH, by itself and/or through its affiliates and/or wholly-owned subsidiaries, did business in Illinois.

2.     On and before October 31, 2012, Defendant CTEH, by itself and/or through its affiliates and/or wholly-owned subsidiaries, did business in St. Clair County, Illinois.

3.     At all times relevant hereto, Plaintiff LEONARD ANTHONY CARRILLO was a citizen of Illinois and a resident of St. Clair County, Illinois.

4.     At all times relevant hereto, Plaintiff LEONARD ANTHONY CARRILLO, worked for RJ Corman Railroad Group at its office located at 8136 Bunkum Road, City of Caseyville, County of St. Clair, State of Illinois.

5

5.     On October 29, 2012, one or more of the above-captioned defendants, through its employees and/or agents, operated a train consisting of 57 cars from Paducah, Kentucky toward Louisville, Kentucky.  At approximately 6:27 a.m., some of the train cars derailed near Dixie Highway and Highway 44.  Some of the derailed cars contained hazardous chemicals including but not limited to butadiene.

6.     On or about October 29, 2012, Defendant CTEH, by and through its agents and/or employees, was in control of the scene of the derailment.

7.     On or about October 29, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY,  and/or Defendant P & L TRANSPORTATION contracted with Defendant CTEH to assist in the derailment clean-up efforts including but not limited to monitoring the area and atmosphere in and around the derailment for the presence of toxic gases and chemicals.

8.     On, before, and after October 29, 2012, Defendant CTEH did and does business in the State of Illinois.

9.     On or about October 29, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY, Defendant CTEH, and/or Defendant P & L TRANSPORTATION contracted with RJ Corman Railroad Group to assist with the derailment clean up.

10.     On and before October 31, 2012, Defendant CTEH, by and through its employees and/or actual/apparent agents, owed a duty to Plaintiff LEONARD ANTHONY CARRILLO to exercise due care, to perform its duties under the above-mentioned contract with due care, and to provide him a safe place to work.

11.     On and before October 31, 2012, Defendant CTEH, by and through its employees and/or actual/apparent agents, owed a duty to Plaintiff LEONARD ANTHONY CARRILLO to hire

competent employees to assist in the derailment clean-up and to perform its duties under the above-mentioned contract.

12.   On October 31, 2012, Defendant CTEH, through its employees and/or agents, declared that the RJ Corman Railroad Group crew, including Plaintiff LEONARD ANTHONY CARRILLO, could safely begin activities at the derailment including hot work.

13.   On October 31, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY, Defendant CTEH, and/or Defendant P & L TRANSPORTATION, through their employees and/or agents, instructed the RJ Corman Railroad Group crew to detach the two cars that were leaking butadiene by using an acetylene cutting torch.

14.   On October 31, 2012, an explosion occurred when the acetylene torch was lit, severely injuring Plaintiff LEONARD ANTHONY CARRILLO.

15.   On October 31, 2012, Defendant CTEH, through its employee and/or agents, was negligent in one or more of the following ways:

<ol type="a">
<li>Authorized hot work in violation of 29 C.F.R. § 1910.252(a)(2)(iv) and NFPA 51B;</li>
<li>Issued a permit for hot work despite the known presence of explosive atmospheres;</li>
<li>Authorized hot work in an area that was not fire safe;</li>
<li>Failed to adequately monitor the atmosphere for hazardous gases and/or chemicals when it knew or should have known that the presence of such gases and/or chemicals posed a risk of serious injury to Plaintiff, LEONARD ANTHONY CARRILLO;</li>
<li>Failed to designate a competent person to determine that it was safe to perform hot work;</li>
<li>Failed to accurately determine that it was appropriate and/or necessary to</li>
</ol>

perform hot work;

g.   Failed accurately determine that the work area was free of toxic and hazardous gases and/or chemicals;

h.   Failed adequately approve hot work operations as the permit authorizing individual;

I.   Failed to make an adequate risk assessment of performing hot work at the scene of a flammable substance leak;

j.   Authorized hot work to be performed in the presence of explosive gases;

k.   Failed to take necessary precautions to prevent injury to Plaintiff LEONARD ANTHONY CARRILLO; and

l.   Failed to warn Plaintiff LEONARD ANTHONY CARRILLO of the presence of toxic and hazardous gases in the area in which he was working even though it knew that he was performing or about to perform hot work.

16.   As a direct and proximate result of the aforesaid acts and/or omissions of Defendant CTEH, Plaintiff LEONARD ANTHONY CARRILLO sustained injuries of a permanent, personal, and pecuniary nature.

WHEREFORE Plaintiff LEONARD ANTHONY CARRILLO requests that this Court enter judgment against Defendant, THE CENTER FOR TOXICOLOGY AND ENVIRONMENTAL HEALTH, L.L.C., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT III

## PADUCAH & LOUISVILLE RAILWAY, INC. - NEGLIGENCE

Plaintiff LEONARD ANTHONY CARRILLO, by and through his attorneys, CLIFFORD LAW OFFICES, P.C. and BRAD L. BADGLEY, P.C., complaining of Defendant PADUCAH & LOUISVILLE RAILWAY, INC. (hereinafter "P & L RAILWAY"), states as follows:

1.   On and before October 31, 2012, Defendant P & L RAILWAY, by itself and/or

through its affiliates and/or wholly-owned subsidiaries, did business in Illinois, including but not limited to St. Clair County.

2.     On and before October 31, 2012, Defendant P & L RAILWAY, by itself and/or through its affiliates and/or wholly-owned subsidiaries, did business in St. Clair County, Illinois.

3.     At all times relevant hereto, Plaintiff LEONARD ANTHONY CARRILLO was a citizen of Illinois and a resident of St. Clair County, Illinois.

4.     At all times relevant hereto, Plaintiff LEONARD ANTHONY CARRILLO worked for RJ Corman Railroad Group at its office located at 8136 Bunkum Road, City of Caseyville, County of St. Clair, State of Illinois.

5.     On October 29, 2012, one or more of the above-captioned defendants, through its employees and/or agents, operated a train consisting of 57 cars from Paducah, Kentucky toward Louisville, Kentucky.  At approximately 6:27 a.m., some of the train cars derailed near Dixie Highway and Highway 44.  Some of the derailed cars contained hazardous chemicals including but not limited to butadiene.

6.     On or about October 29, 2012, Defendant P & L RAILWAY, by and through its agents and/or employees, was in control of the scene of the derailment.

7.     On or about October 29, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY,  and/or Defendant P & L TRANSPORTATION contracted with Defendant CTEH to assist in the derailment clean-up efforts including but not limited to monitoring the area and atmosphere in and around the derailment for the presence of toxic gases and chemicals.

8.     On, before, and after October 29, 2012, Defendant CTEH did and does business in the State of Illinois.

9

9.      On or about October 29, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY, Defendant CTEH, and/or Defendant P & L TRANSPORTATION contracted with RJ Corman Railroad Group to assist with the derailment clean up.

10.     On and before October 31, 2012, Defendant P & L RAILWAY, by and through its employees and/or actual/apparent agents, owed a duty to Plaintiff LEONARD ANTHONY CARRILLO to exercise due care, and to provide him a safe place to work.

11.     On October 31, 2012, Defendant P & L RAILWAY, through its employees and/or agents, declared that the RJ Corman Railroad Group crew, including Plaintiff LEONARD ANTHONY CARRILLO, could safely begin activities at the derailment including hot work.

12.     On October 31, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY, Defendant CTEH, and/or Defendant P & L TRANSPORTATION, through their employees and/or agents, instructed the RJ Corman Railroad Group crew to detach the two cars that were leaking butadiene by using an acetylene cutting torch.

13.     On October 31, 2012, an explosion occurred when the acetylene torch was lit, severely injuring Plaintiff LEONARD ANTHONY CARRILLO.

14.     On October 31, 2012, Defendant P & L RAILWAY, through its employee and/or agents, was negligent in one or more of the following ways:

      a.      Authorized the use of the acetylene cutting torch in violation of 29 C.F.R. § 1910.252(a)(2)(iv) and NFPA 51B;

      b.      Instructed the RJ Corman Railroad Group crew to use the acetylene cutting torch in violation of 29 C.F.R. § 1910.252(a)(2)(vi) and NFPA 51B;

      c.      Instructed the RJ Corman Railroad Group crew to use the acetylene cutting torch in an area that was not fire safe;

d.   Failed to adequately monitor the atmosphere for toxic and hazardous gases and/or chemicals when it knew or should have known that the presence of such gases and/or chemicals posed a risk of serious injury to Plaintiff LEONARD ANTHONY CARRILLO;

e.   Failed to designate a competent person to determine that it was safe for the RJ Corman Railroad Group crew to use the acetylene cutting torch;

f.   Failed to designate a competent person to determine that it was appropriate and/or necessary for the RJ Corman Railroad Group crew to use the acetylene cutting torch;

g.   Failed to designate a competent person to determine that the work area was gas-free;

h.   Failed to designate a competent permit authorizing individual to approve hot work operations;

I.   Failed to designate a competent person to make an adequate risk assessment of performing hot work at the scene of a flammable substance leak;

j.   Failed to designate a competent person as fire watch to stop hot work operations if unsafe conditions developed;

k.   Failed to ensure the scene was fire safe before authorizing hot work;

l.   Directed hot work to be performed in the presence of explosive atmospheres;

m.   Failed to take necessary precautions to prevent injury to Plaintiff LEONARD ANTHONY CARRILLO;

n.   Failed to warn Plaintiff LEONARD ANTHONY CARRILLO of the presence of toxic gases and/or chemicals in the area in which it knew he was performing work including hot work;

o.   Improperly hired Defendant CTEH when it knew or should have known that CTEH was not fit to perform the responsibilities for which it was hired in connection with the derailment clean up; and

p.   Was otherwise careless and negligent.

15.   As a direct and proximate result of the aforesaid acts and/or omissions of Defendant

11

P & L RAILWAY, Plaintiff LEONARD ANTHONY CARRILLO sustained injuries of a permanent, personal, and pecuniary nature.

WHEREFORE Plaintiff, LEONARD ANTHONY CARRILLO requests that this Court enter judgment against Defendant PADUCAH & LOUISVILLE RAILWAY, INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000).

**COUNT IV**

**P & L TRANSPORTATION, INC. - NEGLIGENCE**

Plaintiff, LEONARD ANTHONY CARRILLO, by and through his attorneys, CLIFFORD LAW OFFICES, P.C. and BRAD L. BADGLEY, P.C., complaining of Defendant P & L TRANSPORTATION, INC. (hereinafter "P & L TRANSPORTATION"), states as follows:

1.      On and before October 31, 2012, Defendant P & L TRANSPORTATION, by itself and/or through its affiliates and/or wholly-owned subsidiaries, did business in Illinois, including but not limited to St. Clair County.

2.      On and before October 31, 2012, Defendant P & L TRANSPORTATION, by itself and/or through its affiliates and/or wholly-owned subsidiaries, did business in St. Clair County, Illinois.

3.      At all times relevant hereto, Plaintiff LEONARD ANTHONY CARRILLO was a citizen of Illinois and a resident of St. Clair County, Illinois.

4.      At all times relevant hereto, Plaintiff LEONARD ANTHONY CARRILLO worked for RJ Corman Railroad Group at its office located at 8136 Bunkum Road, City of Caseyville, County of St. Clair, State of Illinois.

5.      On October 29, 2012, one or more of the above-captioned defendants, through its

12

employees and/or agents, operated a train consisting of 57 cars from Paducah, Kentucky toward Louisville, Kentucky.  At approximately 6:27 a.m., some of the train cars derailed near Dixie Highway and Highway 44.  Some of the derailed cars contained hazardous chemicals including but not limited to butadiene.

6.     On or about October 29, 2012, Defendant P & L TRANSPORTATION, by and through its agents and/or employees, was in control of the scene of the derailment.

7.     On or about October 29, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY,  and/or Defendant P & L TRANSPORTATION contracted with Defendant CTEH to assist in the derailment clean-up efforts including but not limited to monitoring the area and atmosphere in and around the derailment for the presence of toxic gases and chemicals.

8.     On, before, and after October 29, 2012, Defendant CTEH did and does business in the State of Illinois.

9.     On or about October 29, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY, Defendant CTEH, and/or Defendant P & L TRANSPORTATION contracted with RJ Corman Railroad Group to assist with the derailment clean up.

10.     On and before October 31, 2012, Defendant P & L TRANSPORTATION, by and through its employees and/or actual/apparent agents, owed a duty to Plaintiff LEONARD ANTHONY CARRILLO to exercise due care, and to provide him a safe place to work.

11.     On October 31, 2012, Defendant P & L TRANSPORTATION, through its employees and/or agents, declared that the RJ Corman Railroad Group crew, including Plaintiff LEONARD ANTHONY CARRILLO, could safely begin activities at the derailment including hot work.

12.     On October 31, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P &

13

L RAILWAY, Defendant CTEH, and/or Defendant P & L TRANSPORTATION, through their employees and/or agents, instructed the RJ Corman Railroad Group crew to detach the two cars that were leaking butadiene by using an acetylene cutting torch.

      13.    On October 31, 2012, an explosion occurred when the acetylene torch was lit, severely injuring Plaintiff LEONARD ANTHONY CARRILLO.

      14.    On October 31, 2012, Defendant P & L TRANSPORTATION, through its employee and/or agents, was negligent in one or more of the following ways:

      a.    Authorized the use of the acetylene cutting torch in violation of 29 C.F.R. § 1910.252(a)(2)(iv) and NFPA 51B;

      b.    Instructed the RJ Corman Railroad Group crew to use the acetylene cutting torch in violation of 29 C.F.R. § 1910.252(a)(2)(vi) and NFPA 51B;

      c.    Instructed the RJ Corman Railroad Group crew to use the acetylene cutting torch in an area that was not fire safe;

      d.    Failed to adequately monitor the atmosphere for toxic and hazardous gases and/or chemicals when it knew or should have known that the presence of such gases and/or chemicals posed a risk of serious injury to Plaintiff LEONARD ANTHONY CARRILLO;

      e.    Failed to designate a competent person to determine that it was safe for the RJ Corman Railroad Group crew to use the acetylene cutting torch;

      f.    Failed to designate a competent person to determine that it was appropriate and/or necessary for the RJ Corman Railroad Group crew to use the acetylene cutting torch;

      g.    Failed to designate a competent person to determine that the work area was gas-free;

      h.    Failed to designate a competent permit authorizing individual to approve hot work operations;

      I.    Failed to designate a competent person to make an adequate risk assessment of performing hot work at the scene of a flammable substance leak;

j.    Failed to designate a competent person as fire watch to stop hot work operations if unsafe conditions developed;

k.    Failed to ensure the scene was fire safe before authorizing hot work;

l.    Directed hot work to be performed in the presence of explosive atmospheres;

m.    Failed to take necessary precautions to prevent injury to Plaintiff LEONARD ANTHONY CARRILLO.

n.    Failed to warn Plaintiff LEONARD ANTHONY CARRILLO of the presence of toxic gases and/or chemicals in the area in which it knew he was performing work including hot work;

o.    Improperly hired Defendant CTEH when it knew or should have known that CTEH was not fit to perform the responsibilities for which it was hired in connection with the derailment clean up; and

p.    Was otherwise careless and negligent.

15.    As a direct and proximate result of the aforesaid acts and/or omissions of Defendant P & L TRANSPORTATION, Plaintiff LEONARD ANTHONY CARRILLO sustained injuries of a permanent, personal, and pecuniary nature.

WHEREFORE Plaintiff LEONARD ANTHONY CARRILLO requests that this Court enter judgment against Defendant P & L TRANSPORTATION, INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT V

### FOUR RIVERS TRANSPORTATION, INC. - NEGLIGENCE

Plaintiff LEONARD ANTHONY CARRILLO, by and through his attorneys, CLIFFORD LAW OFFICES, P.C. and BRAD L. BADGLEY, P.C., complaining of Defendant FOUR RIVERS TRANSPORTATION, INC. (hereinafter "FOUR RIVERS "), states as follows:

1.    On and before October 31, 2012, Defendant FOUR RIVERS, by itself and/or through

15

its affiliates and/or wholly-owned subsidiaries, did business in Illinois, including but not limited to St. Clair County.

2. On and before October 31, 2012, Defendant FOUR RIVERS, by itself and/or through its affiliates and/or wholly-owned subsidiaries, did business in St. Clair County, Illinois.

3. At all times relevant hereto, Plaintiff LEONARD ANTHONY CARRILLO was a citizen of Illinois and a resident of St. Clair County, Illinois.

4. At all times relevant hereto, Plaintiff LEONARD ANTHONY CARRILLO worked for RJ Corman Railroad Group at its office located at 8136 Bunkum Road, City of Caseyville, County of St. Clair, State of Illinois.

5. On October 29, 2012, one or more of the above-captioned defendants, through its employees and/or agents, operated a train consisting of 57 cars from Paducah, Kentucky toward Louisville, Kentucky. At approximately 6:27 a.m., some of the train cars derailed near Dixie Highway and Highway 44. Some of the derailed cars contained hazardous chemicals including but not limited to butadiene.

6. On or about October 29, 2012, Defendant FOUR RIVERS, by and through its agents and/or employees, was in control of the scene of the derailment.

7. On or about October 29, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY, and/or Defendant P & L TRANSPORTATION contracted with Defendant CTEH to assist in the derailment clean-up efforts including but not limited to monitoring the area and atmosphere in and around the derailment for the presence of toxic gases and chemicals.

8. On, before, and after October 29, 2012, Defendant CTEH did and does business in the State of Illinois.

9.      On or about October 29, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY, Defendant CTEH, and/or Defendant P & L TRANSPORTATION contracted with RJ Corman Railroad Group to assist with the derailment clean up.

10.     On and before October 31, 2012, Defendant FOUR RIVERS, by and through its employees and/or actual/apparent agents, owed a duty to Plaintiff LEONARD ANTHONY CARRILLO to exercise due care, and to provide him a safe place to work.

11.     On October 31, 2012, Defendant FOUR RIVERS, through its employees and/or agents, declared that the RJ Corman Railroad Group crew, including Plaintiff LEONARD ANTHONY CARRILLO, could safely begin activities at the derailment including hot work.

12.     On October 31, 2012, Defendant CSX, Defendant FOUR RIVERS, Defendant P & L RAILWAY, Defendant CTEH, and/or Defendant P & L TRANSPORTATION, through their employees and/or agents, instructed the RJ Corman Railroad Group crew to detach the two cars that were leaking butadiene by using an acetylene cutting torch.

13.     On October 31, 2012, an explosion occurred when the acetylene torch was lit, severely injuring Plaintiff LEONARD ANTHONY CARRILLO.

14.     On October 31, 2012, Defendant FOUR RIVERS, through its employee and/or agents, was negligent in one or more of the following ways:

a.      Authorized the use of the acetylene cutting torch in violation of 29 C.F.R. § 1910.252(a)(2)(iv) and NFPA 51B;

b.      Instructed the RJ Corman Railroad Group crew to use the acetylene cutting torch in violation of 29 C.F.R. § 1910.252(a)(2)(vi) and NFPA 51B;

c.      Instructed the RJ Corman Railroad Group crew to use the acetylene cutting torch in an area that was not fire safe;

d.       Failed to adequately monitor the atmosphere for toxic and hazardous gases and/or chemicals when it knew or should have known that the presence of such gases and/or chemicals posed a risk of serious injury to Plaintiff LEONARD ANTHONY CARRILLO;

e.       Failed to designate a competent person to determine that it was safe for the RJ Corman Railroad Group crew to use the acetylene cutting torch;

f.       Failed to designate a competent person to determine that it was appropriate and/or necessary for the RJ Corman Railroad Group crew to use the acetylene cutting torch;

g.       Failed to designate a competent person to determine that the work area was gas-free;

h.       Failed to designate a competent permit authorizing individual to approve hot work operations;

I.       Failed to designate a competent person to make an adequate risk assessment of performing hot work at the scene of a flammable substance leak;

j.       Failed to designate a competent person as fire watch to stop hot work operations if unsafe conditions developed;

k.       Failed to ensure the scene was fire safe before authorizing hot work;

l.       Directed hot work to be performed in the presence of explosive atmospheres;

m.       Failed to take necessary precautions to prevent injury to Plaintiff LEONARD ANTHONY CARRILLO;

n.       Failed to warn Plaintiff LEONARD ANTHONY CARRILLO of the presence of toxic gases and/or chemicals in the area in which it knew he was performing work including hot work;

o.       Improperly hired Defendant CTEH when it knew or should have known that CTEH was not fit to perform the responsibilities for which it was hired in connection with the derailment clean up; and

p.       Was otherwise careless and negligent.

15.    As a direct and proximate result of the aforesaid acts and/or omissions of Defendant

FOUR RIVERS, Plaintiff LEONARD ANTHONY CARRILLO sustained injuries of a permanent,

personal, and pecuniary nature.

WHEREFORE Plaintiff LEONARD ANTHONY CARRILLO requests that this Court enter

judgment against Defendant FOUR RIVERS TRANSPORTATION, INC., for an amount in excess

of FIFTY THOUSAND DOLLARS ($50,000).

Respectfully submitted,

Attorneys for Plaintiff
Robert A. Clifford
Kevin P. Durkin
Colin H. Dunn
Clifford Law Offices
120 N. LaSalle - 31st Floor
Chicago, IL 60602
(312) 899-9090

Attorneys for Plaintiff
Brad L. Badgley       00090131
Brad L. Badgley, P.C.
26 Public Square
Belleville, IL 62220
(618) 235-1000

19

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS, LAW DIVISION

LEONARD ANTHONY CARRILLO,      )
                               )
            Plaintiff,         )
                               )
      vs.                      )
                               )          No.   13-L- 91
CSX TRANSPORTATION, INC.,      )
THE CENTER FOR TOXICOLOGY AND  )
ENVIRONMENTAL HEALTH, L.L.C.,  )
PADUCAH & LOUISVILLE RAILWAY,  )
INC., P & L TRANSPORTATION, INC., and )
FOUR RIVERS TRANSPORTATION, INC., )    *Plaintiff demands a trial by jury.*
                               )
            Defendants.        )

**FILED**
ST. CLAIR COUNTY
FEB 20 2013
CIRCUIT CLERK

### AFFIDAVIT REGARDING DAMAGES SOUGHT

COLIN H. DUNN, being first duly sworn under oath, states as follows:

1.     That the affiant is one of the attorneys of record for the parties in this matter.

2.     That the total money damages sought in this civil action exceeds the amount of

$50,000.00.

FURTHER AFFIANT SAYETH NOT.

By: _____
            COLIN H. DUNN

SUBSCRIBED AND SWORN to before me
this 18th day of February, 2013

_____
            Notary Public

"OFFICIAL SEAL"
Jacqueline M. Gribbon
Notary Public, State of Illinois
My Commission Expires Jan. 16, 2014

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS, LAW DIVISION

LEONARD ANTHONY CARRILLO,                    )
                                             )
        Plaintiff,                          )
                                             )
     vs.                                    )
                                             )       No. 13 L91
CSX TRANSPORTATION, INC.,                    )
THE CENTER FOR TOXICOLOGY AND                )
ENVIRONMENTAL HEALTH, L.L.C.,                )
PADUCAH & LOUISVILLE RAILWAY,                )
INC., P & L TRANSPORTATION, INC., and        )
FOUR RIVERS TRANSPORTATION, INC.,            )       *Plaintiff demands a trial by jury.*
                                             )
        Defendants.                        )

### JURY DEMAND

    Plaintiff, LEONARD ANTHONY CARRILLO, demands  trial by a twelve person jury.

_____
           Attorneys for Plaintiff

CLIFFORD LAW OFFICES, P.C.
Attorneys for Plaintiff
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
(312) 899-9090

FILED
ST. CLAIR COUNTY
FEB 20 2013
52
CIRCUIT CLERK